UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEVEN ENGLISH,                                             DECISION AND ORDER
                                            Plaintiff,                  12-CV-6298 CJS
            -v-

G4S SECURE SOLUTIONS (USA), INC.,

                                            Defendant.
_____

INTRODUCTION

This is an action in which the Plaintiff, a security guard, maintains that Defendant terminated his employment because he was "a pro-union employee who was involved in union activities," but did not terminate the employment of other employees who committed similar infractions and were not "pro-union." Plaintiff contends that Defendant violated New York State Labor Law § 201-D in that regard. Now before the Court is Defendant's motion to dismiss, which argues that Plaintiff's claim is pre-empted by federal labor statutes. The application is granted.

BACKGROUND

The following facts are taken from the Complaint are presumed to be true for purposes of this Decision and Order. Plaintiff was employed by Defendant G4S Secure Solutions, which had a contract to provide security services at the Ginna Nuclear Station. Plaintiff worked under the terms and conditions of a collective bargaining agreement (CBA) between G4S and the the International Union, United Government Security Officers of America, Local 27. On or about June 17, 2011, Defendant terminated Plaintiff's employment, purportedly because he failed to properly conduct an inspection of the

premises.  Other employees, who were not as involved in union activities as Plaintiff, had committed comparable infractions and were not terminated.  Moreover, the termination of Plaintiff's employment violated the CBA, because he had no prior disciplinary incidents, and Defendant failed to follow the CBA's progressive discipline policy.

New York Labor Law § 201-d(2)(d) prohibits an employer from discharging or discriminating against an employee because of the employee's membership in a labor union.  However, Labor Law § 201-d(4)(iii) indicates that an employer does not violate the aforementioned section where it takes action based on the belief that the employee's conduct is illegal or constitutes "habitually poor performance, incompetency or misconduct."  Plaintiff maintains that the action for which he was purportedly terminated was not sufficiently serious to constitute incompetency or misconduct.  Rather, Plaintiff insists that Defendant terminated him "because of [his] membership in a union." Complaint ¶ 20.

In the subject motion to dismiss, Defendant maintains that the Complaint fails to state a claim for which relief can be granted, since it is completely pre-empted by federal statutes, namely, § 301 of the Labor Management Relations Act (LMRA) and the National Labor Relations Act (NLRA).

On July 17, 2012, the Court issued a Motion Scheduling Order [#5], directing Plaintiff to file and serve any response by August 17, 2012.  The Motion Scheduling Order was electronically transmitted to Plaintiff's attorney that same day.  However, Plaintiff has never filed a response to the motion.  Accordingly, although the Court had scheduled oral argument on the motion, it has determined that such argument is not necessary.

DISCUSSION

Defendant has moved to dismiss under Rule 12(b)(6), and the applicable standard for such a motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).  When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

*Section 301 of the LMRA*

Defendant contends that since Plaintiff's claim alleges a violation of the CBA, it is preempted by the LMRA, which "provides for federal jurisdiction in suits alleging violations

of contracts between an employer and a labor organization[.]" Def. Memo of Law at p. 4. On this point, Defendant states:

> It is unclear whether Plaintiff is asserting an independent claim that G4S violated the CBA by allegedly terminating him in some manner inconsistent with the CBA or that the termination, which was allegedly in violation of the CBA, is evidence in support of Plaintiff's claim that he was terminated in violation of New York State Labor Law § 201-[d], or both.[1]  It is clear, however, that Plaintiff's claim and/or allegation in this regard is completely preempted by Section 301 of the LMRA because it would require this Court to interpret the CBA.

*Id*. at p. 6; see also, *id*. ("As an integral part of his claims, Plaintiff is asking this Court to determine that his termination violated the CBA.").

The Second Circuit indicates that state-law claims are preempted by LMRA § 301 when they involve an interpretation of a CBA, but not when they require only a "mere consultation" of the CBA:

> Section 301 of the LMRA confers jurisdiction in the federal district courts for suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce.  . . .  Where the resolution of a state-law claim depends on an interpretation of the collective bargaining agreement, the claim is pre-empted.  But when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished.

*Addona v. Sargent Mfg. Co.*, No. 11–1051–cv, 2012 WL 1863411 at *1 (2d Cir. May 23, 2012) (citations and internal quotation marks omitted).  In the instant case, Plaintiff alleges that his claim is established, in part, by the fact that Defendant did not follow the

---

[1]The Court believes that Plaintiff is attempting to do the latter.

progressive discipline policy contained in the CBA. Complaint ¶ 14.  Plaintiff further contends that Defendant denied him his right to file a grievance under the CBA. *Id*. at ¶ 17. Defendant argues, and Plaintiff has not challenged, that Plaintiff's claim will require the Court to interpret the CBA.  Accordingly, the Court finds that Plaintiff's sole claim is preempted by LMRA § 301.  Having made that determination, the Court need not address the additional points raised in Defendant's motion.

## CONCLUSION

Defendant's motion to dismiss [#4] is granted, and this action is dismissed.  The Clerk of the Court is directed to close this action.

SO ORDERED.

Dated:   September 25, 2012
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge